UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLIE REA, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-1663 |
| | § | |
| SITE OPERATIONS SERVICES, | § | |
| INC. AND JAMES HILDENBRAND, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Charlie Rea files this Original Complaint against Defendants Site Operations Services, Inc. and James Hildenbrand, Individually ("Defendants") and in support thereof would show as follows:

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").  Defendants operate a directional drilling company that lays fiber lines in new construction.  Plaintiff Charlie Rea was employed by Defendants as a directional drilling supervisor  from October 1, 2016 through May 19, 2018.

1.2   At certain times during his employment with Defendants, Defendants paid Charlie Rea on a day rate basis.  At other times, Defendants paid Charlie Rea on an hourly basis.   At no point in time did Defendants pay Charlie Rea overtime premiums for hours worked over forty per week.

1.3    Charlie Rea brings this suit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under

the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to Charlie Rea for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Site Operations Services, Inc. because this entity conducts business in Texas and has entered into relationships with Charlie Rea in Texas and has committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and because Defendant Site Operations Services, Inc.'s principal office is located in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Charlie Rea is an individual residing in Parsons, Tennessee.

**B.     Defendants**

3.2     Defendant Site Operations Services, Inc.is a foreign corporation formed and existing under the laws of the State of Tennessee and maintains and operates its principal office in Dallas, Texas.

3.3     Site Operations Services, Inc. was an employer of Charlie Rea as defined by 29 U.S.C. §203(d).

3.4     Site Operations Services, Inc. can be served with process by serving its registered agent for service of process, James Hildenbrand at 14755 Preston Road, Suite 410, Dallas Texas 75254, or wherever else he may be found.

3.5     Defendant James Hildenbrand is an individual who resides in Dallas, Texas.

3.6     At all times relevant to this claim, James Hildenbrand acted directly or indirectly in the interest of Defendant Site Operations Services, Inc. in relation to the employment of Charlie Rea and those similarly situated.

3.7     At all times relevant to this claim, James Hildenbrand was substantially in control of the terms and conditions of the work of Charlie Rea.

3.8     James Hildenbrand was an employer of Charlie Rea as defined by 29 U.S.C. §203(d).

3.9     James Hildenbrand may be served with process at 14755 Preston Road, Suite 410, Dallas Texas 75254, or wherever else he may be found.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Site Operations Services, Inc. had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Charlie Rea, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Site Operations Services, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Charlie Rea was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants operate a directional drilling company that lays fiber lines in new construction.

5.2     Defendants employed Charlie Rea during the three-year period preceding the filing of this Complaint.

5.3     Defendants paid Charlie Rea on both a day rate and an hourly basis.

5.4     Charlie Rea consistently worked over forty hours per week.

5.5     Charlie Rea was a non-exempt employee.

5.6     Defendants failed to pay Charlie Rea overtime premiums for any hours worked over forty per week.

5.7     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.8     Defendants maintained and exercised the power to hire, fire, and discipline Charlie Rea during his employment with Defendants.

5.9     Charlie Rea was required to comply with Defendants' policies and procedures in performing his work during his employment with Defendants.

5.10    As Director of Defendant Site Operations Services, Inc., James Hildenbrand independently exercised control over the work performed by Charlie Rea.

5.11    James Hildenbrand is responsible for running the day-to-day operations of Defendant Site Operations Services, Inc.

5.12    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., determined the wages to be paid to Charlie Rea.

5.13    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., determined the work to be performed by Charlie Rea and monitored and directed such work on a regular basis.

5.14    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., determined the locations where Charlie Rea would work.

5.15    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., determined Charlie Rea's hours.

5.16    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., determined the conditions of employment for Charlie Rea.

5.17    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., maintained employment records on Charlie Rea.

5.18    James Hildenbrand, acting directly in the interest of Defendant Site Operations Services, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Charlie Rea.

5.19    At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Charlie Rea.

5.20    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.21    Defendant's actions were willful and in blatant disregard for the federally protected rights of Charlie Rea.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Charlie Rea is a non-exempt employee.

7.3    As a non-exempt employee under the FLSA, if Charlie Rea worked over forty hours in a workweek, he was entitled to overtime pay.

7.4    Over the course of the relevant period, Charlie Rea routinely worked in excess of forty hours per week.

7.5    Even though Charlie Rea worked in excess of forty hours per week, Defendants failed to pay Charlie Rea an overtime premium for any hours worked in excess of forty per week.

7.6    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Charlie Rea overtime premiums for those hours worked over forty per workweek.

7.7    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Charlie Rea.

7.8    No excuse, legal justification or exemption excuses Defendants' failure to pay Charlie Rea overtime compensation for hours worked over forty in a workweek.

7.9     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10    Charlie Rea seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charlie Rea respectfully prays that Defendants, Site Operations Services, Inc., and James Hildenbrand, individually, be cited to appear, and that, upon trial of this matter, Charlie Rea recover the following against Defendants, jointly and severally:

a.  Actual damages for the full amount of his unpaid overtime compensation;

b.  Liquidated damages in an amount equal to his unpaid overtime compensation;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,


 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law PLLC
P.O. Box 150728
Austin, Texas 78715
Tel: (512) 799-2048
Fax: (512) 253-2969
E-Mail: doug@welmakerlaw.com

ATTORNEY FOR PLAINTIFF